UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAWN D. COLWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-01694-JMS-DML |
| | ) | |
| STANLEY  KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Shawn D. Colwell for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-06-0305. For the reasons explained in this Entry, Colwell's habeas petition must be **denied**.

**Discussion**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On June 15, 2015, Sergeant Roache issued a Report of Conduct charging Colwell with a

battery in violation of Code A-102. The Report of Conduct states:

> On June 15th at approximately 8:39 A.M. I, Sergeant M. Roache, was driving the
> green Gator between the School and the Hospital when I observed a group of
> offenders in the area looking towards the wall of the school. I then stopped the
> Gator to investigate what was taking place. I observed Offender Patterson Trenton,
> DOC #921711 lying on the ground with blood on his facial area. I observed the
> offender making several attempts to stand up but was unable to do so. At that time,
> I called for first responders via radio. Officer Fish, who was posted at HSU split
> and came to assist me by securing the offenders who were in the immediate area,
> after questioning several offenders who witness[ed] the incident Offender Moody
> DOC #978619 was identified as one of two offenders who assaulted Offender T.
> Patterson. I conducted a visual inspection on Offender Colwell Shawn DOC #
> 108015 persons and found fresh blood on his clothing. He was placed in mechanical
> restraints and questioned. The offender denied being involved in any incident. He
> was escorted to RSH pending an investigation. Offender Moody Joshua DOC #
> 978619 was also identified as the second offender involved in the incident. He was
> also found to have fresh blood on his clothing index finger and sneakers.

Colwell was notified of the charge on July 10, 2015, when he was served with the Report of

Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted

that Colwell wanted statements from Offenders Shelby Adkins, Joshua Moody, and Trenton

Patterson and Officer Weaver H. Bracket. The Screening Officer also noted that Colwell requested

a video review, and statements. Offender Adkins stated:

> Mr. Colwell was pushing me in my wheelchair on the morning of the incedent [sic].
> We came into the alley I heard two people arguing but it did not involve Mr.
> Colwell. I heard a fight break out and Mr. Colwell pushed me out of the way
> running to the end of the alley stopped to get his breath then pushed me up the hill
> to get my meds that's [sic] when the officer stopped us. No. I did not see Mr. Cole
> well hit anyone nor [did] I believe he did.

When asked if Colwell ever hit anyone, Offender Moody replied, "No." Offender Patterson stated:

> No. Offender Colwell didn't hit me[.] 1st time I saw Sgt. Roache was in the
> hospital[.] I seen him on the gator as I walked up the main walk going to chow[.]

2

> Nobody interviewed me since I've been here. I ain't talked to Roache on 6/24/15 or any other time since being here.

Officer Weaver also provided a statement:

> I, Officer R. Weaver arrived at the responder call in between the school and HSU. When I arrived I noticed an ID with Offender Coldwell's [sic] name as I, approached [sic] the mid window I noticed Offender Coldwell [sic]. I asked him to step out of the line. When I examined Offender Coldwell [sic] I noticed he had blood splatter in various spots on his jumpsuit. I then asked him to make a fist to examine his knuckles. I noticed he had scrapes and blood on his knuckles. I then placed offender Coldwell [sic] in mechanical restraints and escorted him to HSU.

A Summary of Video Recording was prepared and states: "On the date of 7/11/2015 at approximately 9:10 am I DHO L. Glenn did attempt to review video for case IYC 15-06-0305 involving offender Colwell, Shawn #108015. There is not a camera in or around the place of incident (the walk between HSU and the SCHOOL) therefore there is not any video footage to view."

The Hearing Officer conducted a disciplinary hearing on July 18, 2015. The Hearing Officer noted Colwell's statement:

> I was pushing a wheelchair to medical when I seen [sic] a fight I went over to stop it when some guys came over and tried to fight me. I then left and went to medical with the wheelchair that's when officer [W]eaver came up and put me in handcuffs.

The Hearing Officer determined that Colwell had violated Code A-102 The sanctions imposed included a transfer, restitution, 180 days of disciplinary segregation, the deprivation of 180 days of earned credit time, and the demotion from credit class I to class II. The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted the security of the facility.

Colwell's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Colwell challenges the disciplinary action against him arguing that there was no physical evidence, that he was denied exculpatory evidence, and that the restitution order was improper.

    1. <u>Sufficiency of the Evidence</u>

Colwell first challenges the sufficiency of the evidence against him. He argues there was no physical evidence in the form of a weapon to support the charges and that the only witness statements confirmed that he was not guilty.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was sufficient to support the guilty finding. This included the conduct report, which stated that there was fresh blood on Colwell's clothing, hand, and shoes right after the attack, and Officer Weaver's statement that he saw blood spatter on Colwell's jumpsuit and scrapes and blood on his knuckles. The fact that other witnesses testified that Colwell did not attack anyone is insufficient to permit this Court to overturn the decision of the hearing officer because such a ruling would require this Court to reweigh the evidence. *See Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of

4

its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). There was thus "some evidence" in the record to support Colwell's disciplinary conviction.

### 2. Denial of Evidence

Colwell also argues that he was denied requested evidence. He states that only pictures of "blood spots" on his jumpsuit were presented at the hearing and that his request to have the jumpsuit itself examined was denied. He also argues that he was denied video evidence that would have shown that he did not hit anyone.

A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

Colwell argues that he was denied a requested an examination of his jumpsuit. But he has not shown that such evidence would have somehow proven that Colwell was not involved in the attack at issue. Further, the record included pictures of the jumpsuit showing the blood spatters. Colwell has not shown how a physical examination of the jumpsuit would have provided any different evidence.

In addition, the record reflects that Colwell's request for the video was not denied. Officer Glenn attempted to review video from the area, but concluded that there was not a camera where

the incident took place. The Facility cannot produce video that does not exist. Because there was no relevant video, Colwell's request for this evidence was not denied.

### 3. Restitution

Finally, Colwell argues that the $500 restitution order was improper and excessive.

Colwell claims that the $500 order of restitution was improperly listed in the non-grievous loss section of the Report of Disciplinary Hearing rather than in the grievous loss section of the sanctions because it was over $200. But Colwell does not allege any prejudice from the restitution order being in the non-grievous loss section or that this alleged error violated his due process rights.

Furthermore, to the extent that Colwell challenges the evidence supporting the amount of the restitution imposed, this argument does not present a proper basis for habeas relief. A petition for habeas corpus may be used only to challenge the fact or duration of a prisoner's confinement. *Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir. 1999). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not affect the duration of their confinement. *Sandin v. Conner,* 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Colwell has therefore failed to show any due process error in the restitution order.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Colwell to the relief he seeks.

Accordingly, Colwell's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: <u>May 24, 2016</u>

                            Hon. Jane Magnus-Stinson, Judge
                            United States District Court
                            Southern District of Indiana

Distribution:

Shawn D. Colwell
108015
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel

7